## EMPIRE INDUSTRIES, INC., *v.* NORTHERN ASSURANCE COMPANY, LTD.

1. Insurance — Fire — Statutes — Coinsurance — Compromise and Settlement—Accord and Satisfaction.

   Statutory provisons rendering void any fire insurance policy or separate agreement limiting liability of the insurer by reason of failure of the insured to insure property covered for a certain amount or proportion of its actual cash value except upon a written application for coinsurance pursuant to specific statutory provision therefor do not operate to void an accord and satisfaction agreement compromising and settling disputed amount of debt due from insurer to insured after a loss has occurred under the liability or risk theretofore assumed by the insurer (CL 1948, §§ 532.9, 532.14, 532.15).

2. Compromise and Settlement—Agreements Favored by Law.

   Compromise settlements are favored by the law.

3. Same—Consideration—Fire Loss.

   Plaintiff insured's claim under an average value of merchandise fire insurance policy remained an unliquidated claim until the time of settlement, hence, the compromise agreement was not without consideration as the compromise agreement of one party became the supporting consideration for that of the other, where trial court's findings that there was a dispute between the parties as to the value of the merchandise, as

---

References for Points in Headnotes

[1, 3–5] 29 Am Jur, Insurance § 1260.
[2] 11 Am Jur, Compromise and Settlement § 4.
[6] 29 Am Jur, Insurance § 1261.

to whether the policy was one for coinsurance and as to whether the underreporting thereof had been due to the mistake of defendant's agent and which disputes continued until the compromise settlement were not against the clear preponderance of the evidence.

4. SAME—RECITAL OF GREATER DEMAND—UNLIQUIDATED DEMAND.

A compromise settlement is not rendered void by reason of the fact that it contains a statement that the amount of the demand exceeded the amount to be paid to satisfy it, where, up to that point, the demand was an unliquidated one.

5. SAME—UNLIQUIDATED DEMAND—ACCOUNT STATED.

An agreement compromising and liquidating an unliquidated demand by the payment of a smaller amount than demanded does not afford the party making the greater demand a basis for claiming such demand created an account stated for such amount.

6. SAME—MISTAKE—UNDERREPORTING OF VALUE OF INSURED MERCHANDISE.

Claim of mistake in arriving at settlement of fire loss under an insurance policy based upon the average value of the merchandise insured, which provided for payment of premium at end of the year and contained a clause limiting sum payable in event of underreporting of value at end of a month preceding a loss, which mistake occurred in the use of a wrong fraction or percentage *held*, insufficient to vitiate the settlement agreement, could as well have been urged at the time of negotiations for settlement as now and insured was represented by able counsel who knew the provisions of the policy and urged every consideration in favor of a higher settlement.

Appeal from Wayne; Webster (Arthur), J. Submitted April 5, 1955. (Docket No. 2, Calendar No. 46,321.) Decided June 6, 1955.

Assumpsit by Empire Industries, Inc., a Michigan corporation, against Northern Assurance Company, Ltd., a foreign insurance corporation, for additional sums claimed due under terms of fire insurance policy following adjustment on percentage of loss

·basis. Judgment for defendant. Plaintiff appeals. Affirmed.

*Harold M. Shapero (Howard J. Ellis,* of counsel), for plaintiff.

*Cashan P. Head (Rein, Mound & Cotton* and *Bert Cotton,* of counsel), for defendant.

Dethmers, J. Plaintiff appeals from judgment of no cause for action in its suit for balance claimed due on a fire loss under an insurance policy written by ·defendant on plaintiff's stock in trade. , Involved is a so-called reporting form excess insurance policy for which the premium is figured at the end of the ·year on the basis of the average value of the mer- chandise covered for the year as determined from monthly reports of such value made by the insured to the insurer. The policy provides that in case of underreporting such value in the last monthly report prior to a loss, liability of the insurer is limited to that proportion of the loss covered which the re- ported value bore to actual value. Because such un- derreporting admittedly occurred in this case, de- fendant insisted, in settlement negotiations, upon application of this limitation clause. , Plaintiff con- tended that it constituted a coinsurance clause and that it was void under CL 1948, §§ 532.6a–532.15, in- clusive (Stat Ann and Stat Ann 1953 Cum Supp §§ 24.422[1]–24.431, inclusive)* because there had been no written application by plaintiff for such in- surance. , Plaintiff also claimed that defendant's agent was responsible for the underreporting. There was disagreement between them as to the total value of merchandise on the last reporting date prior

---

* Section 6b, added by PA 1951, No 145 (CLS 1954, § 532.6b [Stat Ann 1953 Cum Supp § 24.422(2)]), has no applicability to this case.—Reporter.

to loss and on the date of fire. All these were points of dispute between the parties. Negotiations were concluded by defendant's payment of an agreed sum and plaintiff's execution and delivery of a release and discharge from all claims and demands growing out of the fire. Plaintiff says the settlement was arrived at by reaching an agreement as to the amount of the loss and on the value of the merchandise on the date of fire and on the last reporting date and then, because of the underreporting of the latter, invoking the provisions of the limitation clause, which plaintiff calls void, and applying to the coverage under the policy the percentage provided for in that clause. Suit is for the difference between the amount so determined and paid and the proportion of the full loss covered by this policy. One of the defenses urged is accord and satisfaction. Plaintiff counters that it was invalid for the 3 reasons hereinafter considered.

(1) Plaintiff claims, first, that the accord and satisfaction was invalid because in violation of what it terms the coinsurance statute, namely, CL 1948, §§ 532.14, 532.15 (Stat Ann §§ 24.430, 24.431). In effect, these sections prohibit and render void any provision in a fire insurance policy or *separate agreement* limiting liability of the insurer by reason of failure of the insured to insure property covered for a certain amount or proportion of its actual cash value except, as provided in CL 1948, § 532.9 (Stat Ann § 24.425), in cases of coinsurance policies issued upon written applications therefor. Plaintiff says that the accord and satisfaction was void because it was a "separate agreement" limiting the insurer's liability by reason of the insured's failure to fully insure. We do not so consider it. It is clear from the context of the statute that the agreements prohibited are those which, because of failure of insured to fully insure, limit the hazard or risk assumed by

the insurer, not agreements compromising and settling the disputed amount of the debt due from insurer to insured, after a loss has occurred, under the liability or risk theretofore assumed by the insurer. The accord and satisfaction did not limit the risk or liability assumed by the insurer, but, rather, determined through compromise the amount owing thereunder and terminated it upon payment. The statute does not invalidate it. Compromise settlements are favored by the law. *Flanders Co.* v. *Canners' Exchange,* 235 Mich 157, and cases cited in *Galperin* v. *Department of Revenue,* 327 Mich 556.

(2) Plaintiff terms the accord and satisfaction invalid because against public policy and without consideration. In furtherance of this contention plaintiff says that the value of merchandise on the last reporting date and on the date of fire and the amount of the loss had been agreed upon between the parties and, in effect, that thereupon the amount due plaintiff under the policy became determined and an account stated, a liquidated claim; and that payment thereafter of a sum less than the amount of such account stated could not constitute a consideration for a compromise agreement to accept less than the total due. The trial court found as a fact, however, that a dispute had existed between the parties with respect to the amount of said values and as to whether the policy was one for coinsurance and whether the underreporting had been due to the mistake of defendant's agent, and that this dispute had continued to the very instant of the compromise settlement; that, in settlement of these disputed issues, figures for the several values were not agreed upon independently, but, rather, as a part of a compromise settlement, for the purpose of affording the basis to which the percentage specified in the limitation clause should be applied in order to arrive at the final amount agreed upon for the com-

promise settlement. We think that finding of fact not against the clear preponderance of the evidence. So considered, plaintiff's claim did not become an account stated but remained an unliquidated claim until the time of settlement and accordingly the compromise agreement of one party became the supporting consideration for that of the other. In point is *Wheeler* v. *Baker,* 132 Mich 507. There defendant, as plaintiff's agent, confessed that he had become short in his accounts due the latter in a certain sum. Plaintiff did not accept the figure as being correct. Later the 2 worked out an agreement that the shortage amounted to a specified greater figure and that it was to be settled at the rate of 50 cents on the dollar. After the agreed payment had been made plaintiff sued for the balance. He insisted, as does plaintiff here, that the agreement had converted defendant's shortages into an account stated which could not be settled by a smaller sum. Holding to the contrary, this Court said, in effect, that defendant's confession of a sum due, not accepted as correct by plaintiff, did not become an account stated; that plaintiff's demand continued to be an unliquidated one, which could be settled by payment of an amount smaller than its actual value, citing *Tanner* v. *Merrill,* 108 Mich 58 (31 LRA 171, 62 Am St Rep 687), and *Kern Brewing Co.* v. *Royal Insurance Co.,* 127 Mich 39; that the mere fact that the agreement for settlement contained, incident thereto, an agreement that the amount of the demand exceeded the amount to be paid to satisfy it did not render void the settlement of what had been, up to that point, an unliquidated demand; that the agreement liquidating the account gave defendant the right to satisfy it by payment of a smaller sum and that plaintiff could not rely upon the agreement to create an account stated and, at the same time, reject it or seek to escape his obligations thereunder to accept a smaller

amount in settlement. The reasoning is appropriate to the facts here as found by the trial court.

(3) Plaintiff contends that the accord and satisfaction was invalid because based on a mutual mistake. The mistake urged is that, in arriving at the settlement, the fraction or percentage which was applied to the loss, as provided by the limitation clause because of the underreporting, was not the correct one under the terms of the policy itself. Throughout the negotiations plaintiff was represented by able counsel who knew the provisions of the policy and urged every consideration in favor of a higher settlement. The present interpretation given the policy by plaintiff and counsel with respect to the manner of arriving at the correct percentage, which we think erroneous, could as well have been urged by them during negotiations as now. The fact, if it be a fact, that they now construe the applicable provisions differently than then does not present a case of mistake of fact vitiating the settlement agreement.

Affirmed, with costs to defendant.

Carr, C. J., and Butzel, Smith, Sharpe, Boyles, Reid, and Kelly, JJ., concurred.