KREVSKY v NACCARATO

1. COMPROMISE AND SETTLEMENT—JUDGMENT—JOINT TORTFEASORS—
   CONTRIBUTION—PRO-RATA LIABILITY.

   A plaintiff, who was awarded a judgment against a defendant for
   $60,000 and a joint and several judgment against that defend-
   ant and another defendant for $20,000, and who entered into a
   settlement with the defendant involved in both judgments for
   $55,000, and who covenanted and agreed to forever refrain
   from instituting or prosecuting any suit or legal action of any
   nature whatsoever against the defendant with whom he settled,
   cannot bring judgment creditor proceedings to require the
   other defendant who was involved in the $20,000 judgment to
   pay more than his one-half, pro-rata share of the $20,000
   judgment; the $55,000 settlement with the one defendant was
   intended to be all that plaintiff would receive from that defend-
   ant, and if the other defendant is forced to pay more than one-
   half of the $20,000 judgment to the plaintiff, that other defend-
   ant could seek contribution from the defendant who entered
   into the settlement with plaintiff, thus the plaintiff would be
   accomplishing indirectly what he had agreed not to do directly.

2. STATUTES—CONSTRUCTION.

   A statute must be construed as a whole and a doubtful provision
   must be read in connection with other pertinent provisions of
   the statute to give the doubtful provision meaning consistent
   with the general purpose to be accomplished.

3. COMPROMISE AND SETTLEMENT—JOINT TORTFEASORS—CONTRIBUTION
   —PRO-RATA LIABILITY—STATUTES—CONSTRUCTION.

   The purpose of the statute which permits a settlement with one

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur 2d, Contribution §§ 52, 54.

  66 Am Jur 2d, Release §§ 37, 43.

  Contribution between joint tortfeasors as affected by settlement
with one or both by person injured or damaged. 8 ALR2d 196.

  Release of one joint tortfeasor as discharging liability of others:
Modern trends. 73 ALR2d 403.

  Release of (or covenant not to sue) one tortfeasor as affecting
liability of others. 148 ALR 1270 s. 124 ALR 1298.

[2, 3] 73 Am Jur 2d, Statutes §§ 194 *et seq.*, 275.

joint tortfeasor without impairing the right to demand and collect the balance of the claim or cause of action from the remaining joint tortfeasors is to permit the settlement with one joint tortfeasor without releasing the others; a construction of the statute, which would let one joint tortfeasor individually settle with a plaintiff who could readily circumvent the settlement by collecting from another joint tortfeasor more than the latter's pro-rata share and thus force the former to pay more through contribution than he had bargained to pay in the settlement, would render it useless, impractical, and in violation of the rule that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error; such a construction would produce a result directly contrary to the long-established policy that settlements are favored in the law (MCLA 600.2925[2]).

Appeals from Wayne, George E. Bowles, J. Submitted Division 1 October 14, 1974, at Detroit. (Docket Nos. 18497, 18576.) Decided November 26, 1974. Leave to appeal applied for.

Complaint by David Krevsky against Nunzio Naccarato, as next friend of John F. Naccarato, a minor, Medical Protective Company of Fort Wayne, Indiana, and Otto Grob for a determination of Krevsky's proper liability on a money judgment entered in favor of Naccarato against Grob and Krevsky. Naccarato and Grob previously entered into a settlement agreement on the judgment here involved and on another judgment. Cross-claim by Grob against Naccarato for indemnification if Grob is found to owe additional money. Naccarato found to be entitled to recover from Krevsky the full amount of the joint and several judgment against Krevsky and Grob, plus interest on that judgment, and Krevsky was found to be entitled to receive contribution from Grob for any sums paid by him over and above his pro-rata

share of such joint judgment. Krevsky and Grob appeal. Reversed.

*Weinstein, Kroll & Gordon, P. C.,* for Krevsky.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch,* for Naccarato.

*Riseman, Lemke & Piotrowski,* for Grob.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

CARLAND, J. Because this cause has become a consolidation of two or more actions and cross-actions, it is difficult to designate the parties as either plaintiffs or defendants because their roles change depending upon the particular case which is under discussion. Therefore, throughout this opinion the parties will be referred to by their surnames. For a better understanding, the facts and the status of the case are set forth in chronological order.

1. On March 26, 1971, judgments were entered in Wayne County Circuit Court as follows:

(a) Judgment in favor of Nunzio M. Naccarato individually and as next friend of John Francis Naccarato, a minor, against Otto Grob, individually, in the sum of $60,000.

(b) Judgment in favor of the same plaintiffs against Otto Grob and David Krevsky, jointly and severally, in the sum of $20,000.

2. On March 29, 1971, a settlement was entered into between Naccarato and Grob whereby in consideration of the payment of $55,000, plus a further payment of $10,000 as interest, by Grob "as

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

partial satisfaction of the judgment in the amount of $80,000", the plaintiff did "covenant and agree to forever refrain from instituting or prosecuting any suit or legal action of any nature whatsoever against said Otto Grob".

3. Later, Krevsky paid to Naccarato (through his insurance carrier) $10,000 plus costs, interest and attorney fee as his one-half and pro-rata share of the joint and several judgment in the amount of $20,000.

4. Thereafter, plaintiff brought judgment creditor proceedings against Krevsky in an attempt to require him to pay an additional $10,000 plus interest as the balance claimed to be due from Krevsky under the joint and several judgment of $20,000.

5. Thereafter, Krevsky brought suit for a declaration of rights and joined both Naccarato and Grob, seeking a finding that he owed nothing further to Naccarato and that should the court determine the existence of further indebtedness on the part of Krevsky that he was entitled to a contribution from Grob. By order of the court, Krevsky deposited with the clerk $15,250.

6. By cross-claim filed against Naccarato, Grob asked the court to determine the settlement agreement of March 29, 1971 constituted a full discharge of Grob's liability under the $60,000 and the $20,000 judgment.

7. On June 13, 1973, Krevsky filed for accelerated judgment or in the alternative a declaratory judgment against Grob and Naccarato.

8. Thereafter, Grob filed a motion for summary judgment and/or accelerated judgment of no cause for action against Krevsky, or in the alternative a money judgment for indemnification against Naccarato.

There being no real question of fact, the cases were disposed of by decision on the motions filed. The opinions of the trial court determined that Naccarato was entitled to recover from Krevsky the full $20,000 plus interest on the joint and several judgment, and that Krevsky was entitled to receive contribution from Grob for any sums paid by him over and above his pro-rata share of such judgment. Both Krevsky and Grob appeal.

We first turn to the question of the effect of the settlement of March 29, 1971 between Naccarato and Grob. In doing so, we must ask and answer the question as to what the intent of the parties was insofar as this agreement is concerned. We must find this intent through a careful reading of the whole instrument and if ambiguities appear, they must be construed most strongly against Naccarato since his attorney was the author of the agreement. What did the agreement purport to settle? Although it speaks of an $80,000 judgment, no such judgment existed. Two judgments were entered totalling $80,000 and therefore we must conclude that the sums so paid by Grob were in "partial satisfaction" of both of them. If the parties had intended to settle only the $60,000 judgment, there need have been no mention of the sum of $80,000. Neither is it logical to assume that Grob facing a total liability of $80,000 would seek to discharge only a part of that liability. If he was to be subjected to further liability, he might as well have paid both judgments in full and then sought contribution from Krevsky. On the other hand, had it been the intention of Naccarato to settle only the $60,000 judgment, that fact would have been made clear in the settlement agreement and no need would have arisen for the use of the following language:

" * * * does hereby covenant and agree to forever refrain from instituting or prosecuting any suit or legal action of any nature whatsoever against said Otto Grob, his heirs, estate, representatives or agents to compel any and all further or additional payments or satisfaction of said judgment heretofore referred to, or any interest or costs accruing thereon or resulting therefrom."

We therefore hold it to have been the intent of the parties as evidenced by the agreement itself that upon compliance with its terms, Grob had thereby paid and satisfied in full the judgment of $60,000 and also paid and satisfied in full his pro-rata share of the $20,000 joint and several judgment. Having thereby bound himself to seek no further payment from Grob, it cannot have been within the contemplation of the parties that Naccarato could force contribution from Grob through his action against Krevsky and thus accomplish indirectly that which he had agreed not to do directly.

MCLA 600.2925(2); MSA 27A.2925(2) permits a settlement with one joint tortfeasor "without impairing the right * * * to demand and collect the balance of [the] claim or cause of action from the remaining joint tortfeasors". Following the settlement between Naccarato and Grob, what was the balance of the $20,000 joint and several judgment? Since we have held that by such settlement, Grob has paid his full pro-rata share of such judgment, consistency requires a finding that "the balance" is only the amount of Krevsky's pro-rata share or $10,000. To hold otherwise would do violence to the elementary rule that the statute must be construed as a whole and a doubtful provision must be read in connection with other pertinent provisions of the statute to give the doubtful provision meaning consistent with the general purpose to be

accomplished. *Stowers v Wolodzko,* 386 Mich 119; 191 NW2d 355 (1971). *Roberts Tobacco Company v Department of Revenue,* 322 Mich 519; 34 NW2d 54 (1948). The statute can have no purpose except to permit the settlement with one joint tortfeasor without releasing the others. If this is not its purpose, it has none and would thereby become worthless legislation. Certainly there would be no incentive for one joint tortfeasor to individually settle with a plaintiff who could readily circumvent the settlement by collecting from another joint tortfeasor more than the latter's pro-rata share and thus force the former to pay more through contribution than he had bargained to pay in the settlement. Such a construction of the statute would render it useless and impractical and in violation of the rule that:

"A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." *King v Second Injury Fund,* 382 Mich 480, 492; 170 NW2d 1 (1969).

Such a construction will produce a result directly contrary to the long-established policy that settlements are favored in the law. *Melick v Nauman Vandervoort, Inc,* 54 Mich App 171; 220 NW2d 748 (1974).

We further are of the opinion that the trial court erred in determining that MCLA 449.151; MSA 20.131 and MCLA 449.155; MSA 20.135 are not applicable to the case at bar. Any tort became merged in the judgment and Grob and Krevsky became joint and several judgment debtors. MCLA 449.151; MSA 20.131 provides that any partner may settle or compromise any debt of the partner-

ship and be discharged from liability thereby. By the following proviso, the statute fixes the liability of the partners who have not settled:

"Provided however, that in case of such settlement or compromise, the copartner or copartners who are not parties to the same, shall be discharged from all liability to the creditor or creditors except for their joint, ratable portion of such copartnership debt."

Further, MCLA 449.155; MSA 20.135 by its terms provides that the act shall extend to joint debtors in the same manner as to copartners. Because of the settlement, Krevsky was discharged from all obligations to Naccarato except for his joint ratable portion of such debt which in this case was $10,000 plus interest. This interpretation is supported by the decision in *Rohrabacher v Walsh,* 170 Mich 59; 135 NW 907 (1912). We therefore further conclude that by reason of the statute, the settlement limited the obligation of Krevsky to $10,000 plus interest and fully discharged Grob.

Our conclusions require the dismissal of Naccarato's action to collect from Krevsky more than his joint ratable portion of the judgment debt or $10,-000 plus interest. Any other result would cause either a great inequity to Krevsky by requiring him to pay the entire amount of the joint and several judgment or a grave injustice to Grob who would be required to pay further sums despite having previously settled in good faith his liability in full. Any other result would likewise destroy the purpose and significance of the statutes cited.

We therefore reverse and order that the sum deposited by Krevsky be returned to him. Krevsky and Grob may recover costs.

All concurred.