LASTER v GOTTSCHALK

Opinion of the Court

1. Torts—Contribution—Concurrent Tortfeasors—Settlements.

A settlement reached between a plaintiff and one of two alleged concurrent tortfeasors does not determine the non-settling tortfeasor's right to contribution from the settling tortfeasor; the right to contribution from the settling party may be established by the non-settling party's proofs alone.

2. Torts—Negligence—Concurrent Tortfeasors—Liability—Settlements.

Any finding of liability will be total as to that tortfeasor, where a jury is allowed to deliberate on the negligence of only one of two alleged concurrent tortfeasors and a settlement between the plaintiff and the other alleged tortfeasor cannot be introduced to show that the judgment has been partially paid, since there has not been a determination as to the liability of the settling party.

3. Torts—Settlements—Concurrent Tortfeasors—Judgments—Pro Rata Share—Liability.

The non-settling tortfeasor will only be liable for its pro rata share of the judgment where a settlement is reached between a plaintiff and one of two alleged concurrent tortfeasors prior to a judgment finding both tortfeasors liable.

References for Points in Headnotes

[1, 7] 74 Am Jur 2d, Torts § 77.
Modern trends with respect to release of one joint tortfeasor as discharging liability of others. 73 ALR2d 403.
[2] 74 Am Jur 2d, Torts § 45.
[3] 74 Am Jur 2d, Torts § 83.
[4] 74 Am Jur 2d, Torts §§ 85, 88.
[5] 74 Am Jur 2d, Torts § 84.
[6] 74 Am Jur 2d, Torts § 35.
[8] 74 Am Jur 2d, Torts § 76.
[9] 74 Am Jur 2d, Torts §§ 14–16.
[10] 1 Am Jur 2d, Actions § 29.

4. TORTS—SETTLEMENTS—CONCURRENT TORTFEASORS—JUDGMENTS—
   LIABILITY—SATISFACTION OF JUDGMENTS.

   The non-settling party is discharged from liability and the judg-
   ment deemed satisfied by the settlement where a settlement is
   reached between a plaintiff and one of two alleged concurrent
   tortfeasors prior to a judgment that finds only the settling
   tortfeasor liable.

5. TORTS—SETTLEMENTS—CONCURRENT TORTFEASORS—JUDGMENTS—
   PRO TANTO REDUCTIONS.

   The non-settling party will be liable for the entire judgment
   minus the amount of the settlement *pro tanto,* thereby prevent-
   ing double recovery where a settlement is reached between a
   plaintiff and one of two alleged concurrent tortfeasors prior to
   a judgment finding the non-settling party solely liable.

6. TORTS—SETTLEMENTS—CONCURRENT TORTFEASORS—NEGLIGENCE—
   JUDGMENTS—CONSIDERATION.

   Where a settlement is reached between a plaintiff and one of two
   alleged concurrent tortfeasors prior to a judgment finding
   neither tortfeasor negligent, the plaintiff retains the settlement
   as consideration for his promise not to sue the party who
   settled.

DISSENT BY M. J. KELLY, P. J.

7. TORTS—SETTLEMENTS—LIMITATIONS ON LIABILITY—PRO RATA
   SHARE—CONTRIBUTION.

   *Where a plaintiff and a defendant enter a settlement limiting the
   defendant's liability, the plaintiff cannot indirectly recover
   more from that defendant by recovering from a non-settling
   defendant more than the latter's pro rata share, and forcing
   him or her to sue the settling defendant for contribution.*

8. TORTS—SETTLEMENTS—CULPABILITY—DISMISSAL OF PARTIES—PRO
   RATA SHARE—CULPABILITY.

   *A settlement is not evidence of culpability unless its terms so
   state; therefore, where a settlement is reached between a
   plaintiff and one of two defendants and the settling defendant
   is dismissed as a party prior to judgment, no pro rata share can
   be determined since there must be at least two culpable parties
   in order for a pro rata share to be found.*

9. TORTS—SETTLEMENTS—JUDGMENTS—PRO TANTO REDUCTIONS—
   TORTFEASORS.

   *A non-settling defendant is liable for a judgment against him less
   a* pro tanto *reduction for any amount paid as a settlement by*

*another alleged tortfeasor prior to judgment, and such* pro tanto *reduction does not require a finding that the settling party was in fact a tortfeasor.*

10. ACTION—THIRD-PARTY COMPLAINTS—SUBSTANTIVE RIGHTS— GROUNDS—COURT RULES.

A *third-party plaintiff must have a substantive right against a third-party defendant in order to have grounds for a third-party complaint (GCR 1963, 204).*

Appeal from Macomb, Edward J. Gallagher, J. Submitted February 9, 1977, at Detroit. (Docket No. 25569.) Decided May 2, 1977. Leave to appeal denied, 401 Mich 815.

Complaint by Nadine Laster for herself and as next friend of Elayne Laster against Charles Gottschalk and Ronald Gottschalk for damages sustained in an automobile accident. The Gottschalks added the Board of County Road Commissioners of the County of Macomb as a third-party defendant. Plaintiffs amended their complaint to add the Board as a principal defendant. The Gottschalks were discontinued as parties by order and stipulation. The Board filed a third-party complaint against the Gottschalks and Hershel J. R. Laster seeking indemnification and contribution. The Gottschalks sought accelerated judgment. Accelerated judgment denied. The Gottschalks appeal by leave granted. Affirmed.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark,* for Charles and Ronald Gottschalk.

*Daner, Freeman, McKenzie & Matthews, P. C.,* for the Board of County Road Commissioners of the County of Macomb.

Before: M. J. KELLY, P. J., and J. H. GILLIS and
R. M. MAHER, JJ.

J. H. GILLIS, J. This case arises from a January
1, 1971 head-on collision between cars driven by
Hershel Laster and Ronald Gottschalk. Elayne and
Nadine Laster sued the Gottschalks. The Gottsch-
alks added the Board of County Road Commission-
ers of the County of Macomb (hereinafter referred
to as the Board) as third-party defendant, alleging
that it had built too narrow a road at the place of
the accident, constructed or maintained the con-
tour of the roadway so that it increased the dan-
ger, and removed and piled snow in a manner that
further decreased the width of the road. The Last-
ers then amended their complaint to include the
Board. Following settlement between the Gottsch-
alks and the Lasters, the Gottschalks were discon-
tinued as parties by order and stipulation. The
Board then filed a third-party complaint against
the Gottschalks and Hershel Laster. The trial
court denied the Gottschalks' motion for acceler-
ated judgment and they appeal, asserting that the
Board has no substantive right against them. The
Board counters, claiming the rights to indemnifica-
tion and contribution. Our Court granted leave to
appeal and we now proceed to consider the issues
raised.

This case is substantially similar to *Witucke v
Presque Isle Bank,* 68 Mich App 599; 243 NW2d
907 (1976), *lv den,* 397 Mich 842 (1976), and on
that basis we affirm the trial court in denying
accelerated judgment. As in *Witucke,* indemnifica-
tion is not at issue in the instant case. 68 Mich
App 599, 613. See also *Minster Machine Co v
Diamond Stamping Co,* 72 Mich App 58; 248
NW2d 676 (1976), and cases cited therein. We
interpret *Witucke* to mean that contribution may

be at issue here; however, we feel the need to offer further guidance to the trial court in view of the factual situation presented in this case.

In *Witucke,* the plaintiff had to show negligence on the part of the settling party in order to recover from the remaining defendant. Such is not the case here; a jury could determine that both the Gottschalks and the Board were negligent, that neither was negligent, or that one or the other was negligent. The settlement does not admit liability; therefore the issue of negligence on the part of the Gottschalks is at issue in the case of the Lasters versus the Board.

We point out that this case involves concurrent tortfeasors (if both defendants are determined negligent), not joint tortfeasors. Therefore, MCLA 600.2925; MSA 27A.2925 does not apply. See *Witucke v Presque Isle Bank, supra,* at 604–609. Although the settlement between the Lasters and the Gottschalks prohibits the Lasters from suing the Gottschalks, it does not resolve all of the conflicts between the Board and the Gottschalks. *Boucher v Thomsen,* 328 Mich 312; 43 NW2d 866 (1950). The Lasters and the Gottschalks cannot negotiate away the rights of the Board. The decision of the Lasters to settle with the Gottschalks does not determine the Board's right to contribution. "The right to contribution may be established by third-party plaintiffs' (here original defendants'), proofs alone". *Caldwell v Fox,* 394 Mich 401, 420–421; 231 NW2d 46 (1975). (Citation omitted.) We are somewhat troubled with the fact that one who has settled out of a lawsuit may be forced back into it. However, it is equally unfair that the Board, having objected to the settlement and not being made a party thereto, should be denied the opportunity to adequately defend itself.

We note that the settlement agreement provided that it would operate to satisfy the pro rata share of the Gottschalks for any judgment rendered against them. Although this prevents the Board from actually paying more than its pro rata share should the Gottschalks and the Board be determined to be concurrent tortfeasors, it does not determine liability. Therefore, if the jury is only allowed to deliberate on the Board's negligence, any finding of liability will be total. The settlement could not be introduced by the Board to show the Gottschalks' payment of part of the judgment if there is no determination of the Gottschalks' liability.

Upon trial of this matter, if it is determined that both the Gottschalks and the Board are liable, then the Board will be liable for their pro rata share only, the pro rata share of the Gottschalks having been satisfied by the settlement. *Krevsky v Naccarato,* 56 Mich App 704; 224 NW2d 731 (1974), *lv den,* 394 Mich 772 (1975).

If it is determined that the Gottschalks are solely liable, obviously the Board will be discharged from liability, and the judgment would be deemed satisfied by the settlement.

If it is determined that the Board is solely liable, then it will be liable for the entire judgment minus the amount of the settlement *pro tanto,* therefore preventing double recovery.

If neither are deemed negligent, then plaintiffs receive the settlement only, the consideration being plaintiffs' promise not to sue the Gottschalks.

Affirmed. Costs to appellees.

R. M. MAHER, J., concurred.

M. J. KELLY, P. J. *(dissenting).* I respectfully sug-

gest that if the law is as the majority finds it to be, then it ought to be changed. Why should the law give lip service to favoring settlements and then construct a maze of procedural obstacles effectively prohibiting a defendant from settling his lawsuit and walking away from the courthouse? The Gottschalks (or their insurance carrier) paid $17,-900 for peace. They were discontinued as parties to this proceeding by stipulation and order duly entered in the court below. The instruments of release were skillfully worded to preclude any further potential enforcement of liability against appellants by way of "any further liability for the * * * accident or any consequences resulting therefrom, by way of contribution or otherwise".

Let us be clear at the outset. The Gottschalks (or their carrier) are not going to pay one dollar more, over and above their negotiated release, either to the plaintiff or to the road commission. The road commission's purpose in keeping them in the lawsuit need not be the subject of speculation here, but it must be tactical and not substantive. The majority and I read *Witucke v Presque Isle Bank,* 68 Mich App 599; 243 NW2d 907 (1976), *lv den,* 397 Mich 842 (1976), differently. Apparently we agree that under no circumstances would the road commission be entitled to indemnification from the Gottschalks. The majority however reads *Witucke* to mean that contribution is an issue here. I do not see how.

The road commission has no possible right to contribution against the Gottschalks.[1] *Krevsky v Naccarato,* 56 Mich App 704; 224 NW2d 731

---

[1] The current MCLA 600.2925a–d; MSA 27A.2925(1)–(4) apply only to torts committed on or after January 1, 1975 (1974 PA 318, § 3). Therefore, the applicable law is MCLA 600.2925; MSA 27A.2925, which was repealed by 1974 PA 318. This opinion makes no comment on the effect of the new law had it been in force.

(1974), *lv den,* 394 Mich 772 (1975), holds that where a plaintiff and defendant enter a settlement, by its terms, limiting the defendant's liability, the plaintiff cannot indirectly recover more from that defendant by recovering from a non-settling defendant more than the latter's pro rata share, and forcing him or her to sue the defendant for contribution. What is proposed is a charade. The road commission would have the ordinary and normal right of subpoena to secure the presence and testimony of the Gottschalks. Keeping them in as parties defendant presents a distorted picture. I cannot see how the jury could be instructed to assess or compute damages against the Gottschalks in favor of the plaintiffs or the commission.

In order for a pro rata share to be found there must be at least two culpable parties. A settlement is not evidence of culpability unless its terms so state. Therefore, where in the present case, unlike that in *Naccarato,* the settlement occurred before judgment and the settling party was dismissed as a party, no pro rata share can be determined.

The remaining defendant (road commission) will therefore be liable for any judgment against it less a *pro tanto* reduction for the amount that the settling party paid. A *pro tanto* reduction does not require a finding that the settling party was in fact a tortfeasor.

GCR 1963, 204 requires that a third-party plaintiff have a substantive right against a third-party defendant, see, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 508. Since the road commission has no right to indemnification or contribution, and no other substantive right is alleged, there are no grounds for a third-party complaint.[2]

The appellant has met the requirements of GCR

---

[2] *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 334; 174

1963, 116 for accelerated judgment. The trial
court's decision denying the third-party defend-
ants' motion for accelerated judgment should be
reversed.

---

NW2d 797 (1970), which overruled what was "left of Michigan's
common law bar of contribution between or among 'wrongdoers,'
wilful or intentional wrongdoers excepted" has no applicability here.
The controlling issue here is the settlement and its attendant provi-
sions. This Court has indicated that when one defendant settles,
another defendant's liability is reduced by the *pro tanto* share.
*Sobotta v Vogel,* 37 Mich App 59; 194 NW2d 564 (1971).