BACON v DEPARTMENT OF STATE HIGHWAYS

Docket No. 52958. Submitted December 4, 1981, at Lansing.—Decided
    April 21, 1982.

James Bacon was seriously injured when the automobile he was
driving collided with a truck owned by Dacon Trucking Com-
pany and driven by Edward Woodley. The accident took place
while the truck was stopped with engine problems in the right-
hand traffic lane on a newly opened section of I-75. James
Bacon and his wife, Sandra, commenced an action in Wayne
Circuit Court against Woodley and Dacon Trucking Company.
That claim was settled prior to trial for $150,000. Bacon and
his wife then commenced an action in the Court of Claims
against the Michigan Department of State Highways, alleging a
failure to maintain I-75 in a condition reasonably safe and
convenient for public travel. The claim of Sandra Bacon was
voluntarily dismissed prior to trial in the Court of Claims.
Following trial, Jack W. Warren, J., found that plaintiff's
damages totalled $1,299,400, that plaintiff was 60% negligent,
that Woodley was 30% negligent and that the highway depart-
ment was 10% negligent. Judgment was entered in favor of
plaintiff and against the highway department in the amount of
$129,940, or 10% of plaintiff's total damages. Plaintiff appeals,
alleging that the judgment against the highway department
should be in the amount of $369,760, which represents plain-
tiff's total damages ($1,299,400) less plaintiff's 60% comparative
negligence ($779,640) and less the Woodley-Dacon Trucking
Company settlement ($150,000). *Held:*

1. Despite agreement with the logic of the trial court's
position that the judgment of a nonsettling defendant should be
reduced by the percentage of fault attributable to the settling
tortfeasor rather than the amount of the settlement, the Court
of Appeals is constrained to follow the recent decisions which
hold that the doctrine of comparative negligence does not

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d New Topic Service, Comparative Negligence § 42.
    Contribution or indemnity between joint tortfeasors on basis of
    relative fault. 53 ALR3d 184.

mandate abandonment of statutory joint and several liability or abandonment of the contribution statute which permits a non-settling defendant to subtract the amount of the settlement from the judgment but does not permit contribution from the settling defendant. Accordingly, the trial court erred in limiting the highway department's liabililty to the same percentage of the total damages as its percentage of liability.

2. The question of the continued application of the statutory provisions relating to joint and several liability and contribution in the context of comparative negligence is a question for the Legislature, the Legislature being best equipped to consider the economic consequences, the policy considerations and the equities.

Reversed.

1. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JOINT AND SEVERAL LIABILITY — CONTRIBUTION.

The adoption of the doctrine of comparative negligence does not mandate the abandonment of statutory joint and several liability or the abandonment of the contribution statute which permits a nonsettling defendant to subtract the amount of the settlement from the judgment but does not permit contribution from the settling defendant (MCL 600.2925a, 600.2925d; MSA 27A.2925[1], 27A.2925[4]).

2. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JOINT AND SEVERAL LIABILITY — CONTRIBUTION — POLICY CONSIDERATIONS.

The question of whether the statutes regarding joint and several liability and contribution should have continued application in cases involving comparative negligence should be considered by the Legislature, the Legislature being best equipped to consider the economic considerations, the policy considerations and the equities of the application of those statutes in the context of comparative negligence (MCL 600.2925a, 600.2925d; MSA 27A.2925[1], 27A.2925[4]).

*O'Brien, Moran & Dimond* (by *Michael C. Moran* and *Edward R. Stein),* and *Lawrence W. Sperling,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen,* Assistant Attorney General, for defendant.

Before: V. J. Brennan, P.J., and Allen and T. C. Megargle,* JJ.

V. J. Brennan, P.J. Plaintiff, James Bacon, appeals as of right the lower court's July 21, 1980, order limiting plaintiff's recovery to $129,940.

On December 2, 1972, Edward Woodley, an employee of Dacon Trucking Company, was driving a tractor-trailer north on I-75. After experiencing engine trouble, Woodley parked his rig in a lane which had been recently opened to traffic by the defendant highway department. Woodley did not realize he was parked in the traffic lane and believed he was parked on the highway's shoulder or in a service lane. Woodley activated his flashers but did not light flares or employ any other warning devices. Thereafter, plaintiff, who had been driving in the newly opened traffic lane, collided with Woodley's rig and sustained serious injuries, including facial disfigurement and permanent blindness.

Plaintiff commenced an action in Wayne Circuit Court against Woodley and Dacon Trucking Company. Prior to trial in the circuit court, plaintiff accepted $150,000 in full settlement of these claims. Plaintiff then filed a complaint in the Court of Claims against defendant on November 25, 1974. In this complaint, plaintiff alleged negligence on the part of the defendant in failing to maintain I-75 in a condition reasonably safe and convenient for public travel. An amended complaint was filed January 30, 1975.

Following a bench trial, the court determined that plaintiff's damages totalled $1,299,400 and found that plaintiff was 60% negligent, that defendant was 10% negligent, and that the degree of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

negligence attributable to Woodley was 30%. Since the court determined that defendant's negligence, when expressed as a percentage, amounted to 10%, it awarded damages in the amount of $129,-940 or 10% of the plaintiff's total damages.

The trial court rejected plaintiff's contention that defendant, as a nonsettling tortfeasor, would be liable for damages attributable to Woodley less the amount of consideration paid by Woodley and Dacon Trucking Company in their settlement agreement. Under plaintiff's approach, the judgment against defendant would have been $369,760, arrived at as follows:

| | |
|---|---:|
| Plaintiff's total damages | $1,299,400 |
| Less plaintiff's fault (negligence) (60%) | 779,640 |
| Less amount of settlement | 150,000 |
| | $ 369,760 |

On appeal, plaintiff argues that the trial court erred in failing to award $369,760 in damages.

The trial court found that judgment entered should be proportionate to fault because any other approach would run contra to logic, equity, and fundamental justice. The court reasoned that "[i]t is most difficult to perceive 'logic' or 'fundamental justice' in requiring one tortfeasor to pay a disproportionate part of the damages simply because plaintiff chose to settle with the other tortfeasor".

We are inclined to agree with the trial court that in these circumstances logic would dictate that the judgment be reduced by the settling tortfeasor's percentage of fault instead of the amount of the settlement. In cases such as the present one, a plaintiff and the settling tortfeasor reach an agreement for any number of reasons which benefit both of them. We believe a plaintiff should not be able to make up the difference between low settlement and the amount of damages later found

by the trier of fact from a "deep-pocket" defendant who refused to settle because he thought he was not negligent but is found to be minimally negligent (*i.e.,* 1% to 10%) by the trier of fact.

However, we are constrained to follow the recent decisions of this Court where the panels have consistently found that the adoption of the doctrine of comparative negligence does not mandate abandonment of joint and several liability, MCL 600.2925a; MSA 27A.2925(1), or abandonment of the contribution statute which permits a nonsettling defendant to subtract the amount of the settlement from the judgment but does not permit contribution from the settling defendant, MCL 600.2925d; MSA 27A.2925(4). *Weeks v Feltner,* 99 Mich App 392; 297 NW2d 678 (1980); *Friend v Campbell,* 102 Mich App 278; 301 NW2d 503 (1980); *West v Rollhaven Skating Arena,* 105 Mich App 100; 306 NW2d 408 (1981); *Edwards v Joblinski,* 108 Mich App 371; 310 NW2d 385 (1981); *Johnston v Billot,* 109 Mich App 578; 311 NW2d 808 (1981); *Longworth v Michigan Dep't of Highways,* 110 Mich App 771; 315 NW2d 135 (1981); *Caldwell v Cleveland-Cliffs Iron Co,* 111 Mich App 721; 315 NW2d 186 (1981).

In *Weeks v Feltner, supra,* 395, the Court stated:

"Defendants contend that comparative negligence requires that a defendant only be liable to the extent of his own wrongdoing, not only in relation to the plaintiff, but in relation to other defendants as well. See *Placek v City of Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

"This argument ignores the fact that the comparative negligence doctrine also seeks to assure fair and adequate compensation for injured plaintiffs. Unlike the concept of contributory negligence, it avoids unduly penalizing a plaintiff for his own fault. While some unfairness exists when one defendant is held liable for

the fault of his codefendants, this is equally true of cases where the plaintiff is not at fault. The acts of Albert Feltner were foreseeable by the other defendants, and there is nothing inherently inequitable in holding them liable for the resulting injury. The doctrine of comparative negligence does not mandate abandonment of joint and several liability. In fact, a majority of other jurisdictions considering the issue have retained joint and several liability. See Schwartz, Comparative Negligence, § 16.4, p 93 (Supp 1978)."

The particular issue in the instant case involves the applicability of the Michigan contribution statute. This statute provides that the release of one of two or more joint tortfeasors discharges the party released from all liability for contribution and reduces the claim against the remaining party by the amount of the release or the amount of the settlement. MCL 600.2925d; MSA 27A.2925(4). If the statute had been applied in the instant case, plaintiff's damages would have been reduced in the amount of the consideration paid by the settling tortfeasors and not in the amount equal to the percentage of negligence attributable to them. Thus, the Department of State Highways, as a nonsettling defendant, would have been liable in the amount of $369,760. However, the trial court found that the contribution statute was inconsistent with the policy of comparative negligence and refused to apply it in the instant case.

In *West v Rollhaven Skating Arena, supra,* a panel of this Court recently held that adoption of the doctrine of comparative negligence would not invalidate the contribution statute in the absence of a legislative response to the contrary. In response to Rollhaven's contention that the statute violated due process this Court stated:

"The policy underlying the statutory ban on contribu-

tions from a settling tortfeasor is to encourage settlements. This has been recognized as a permissible legislative goal. *Steele v Wilson,* 29 Mich App 388, 395; 185 NW2d 417 (1971).

"The legislation bears a reasonable relation to this proper legislative objective. It is logical to assume that joint tortfeasors will be more likely to enter into settlement negotiations with a plaintiff if they know they will not be entitled to contribution if the other tortfeasor settles and they do not. Since this state of facts reasonably supports the legislation's objective, it cannot be said to violate due process." *Id.,* 104.

In response to defendant's contention that the statute was violative of equal protection, the Court stated:

"[A] rational basis exists to justify the classification, it cannot be said that the statute violates the equal protection clauses of the United States or Michigan Constitutions.

"This rational basis existed both before and after *Placek.* Under the prior system, joint tortfeasors who did not settle with injured parties were discriminated against because they were not entitled to contribution from settling tortfeasors. Under the present system, those nonsettling tortfeasors are still discriminated against, but the rational basis for the discrimination remains the same. By not changing the statute, the Legislature has determined that its policy of encouraging settlements is of more importance than having a policy that would allow contribution among all joint tortfeasors in all instances. The fact that the legislation discriminates against nonsettling tortfeasors does not make it unconstitutional.

"Moreover, this Court has refused to alter the rules regarding joint and several liability in the aftermath of *Placek. Weeks v Feltner,* 99 Mich App 392, 395; 297 NW2d 678 (1980). In light of the continuing validity of other rules governing joint tortfeasors, we believe that the settlement provisions should remain unaltered." *Id.,* 105-106.

Finally, the Court stated:

"We recognized that other schemes are possible under a comparative-negligence system. We observe, however, that California, like Michigan, allows a nonsettling tortfeasor to set off the amount stipulated by the release. Compare MCL 600.2925d(b); MSA 27A.2925(4)(b) with *Knox v County of Los Angeles,* 109 Cal App 3d 825; 167 Cal Rptr 463 (1980), *Jaramillo v California,* 81 Cal App 3d 968; 146 Cal Rptr 823 (1978). The existence of other possible schemes merely points out that our Legislature has made a policy decision that should not be overturned judicially." *Id.,* 106.

Accordingly, we must conclude that the statutory settlement provision applicable to joint tort liability survived the Supreme Court's adoption of comparative negligence and plaintiff is entitled to recover $369,760.

We note that we agree with the Court in *Edwards v Joblinski, supra,* 379, that the Legislature is best equipped to consider the economic consequences, the policy considerations, and the equities on both sides, but we express the opinion that the Legislature should examine the effect of the statutes regarding joint and several liability and contribution on cases involving comparative negligence.

Reversed.