JACKSON v BARTON MALOW COMPANY

Docket No. 66012. Submitted March 14, 1983, at Detroit.—Decided
February 6, 1984. Leave to appeal applied for.

Plaintiff, Michael Jackson, was injured while working on a con-
struction site. He brought an action for damages against Bar-
ton Malow Company and Barthel Contracting Company, the
construction manager and general contractor, respectively.
Prior to trial, Barthel settled with plaintiff for $150,000. The
jury found plaintiff's damages to be $400,000 and that plaintiff
was 75% negligent. The Wayne Circuit Court, Thomas J. Foley,
J., arrived at the money judgment against Barton Malow by
first reducing the jury's award by the 75% attributable to
plaintiff's negligence, then subtracting the $150,000 settlement.
Because the result was less than zero, judgment was entered
against Barton Malow in the amount of $0. Plaintiff appealed,
alleging that the trial court erred in its method of computing
the damage award. *Held:*

1. T. M. BURNS, P.J., held that the trial court should have
computed the damages by first subtracting the amount of the
settlement from the gross jury award, then reducing the bal-
ance by the percentage of the plaintiff's negligence. Using this
method, plaintiff would recover $62,500 from Barton Malow.
The use of such formula will encourage settlements by increas-
ing the risk that a nonsettling tortfeasor may later have to pay
more money if he does not settle.

2. CYNAR, J., concurred only in the result reached by Judge
Burns, holding that the state's policy of favoring settlements is
no reason to force an unfair settlement on a plaintiff or a
defendant.

Affirmed, with modification of the damage award.

P. J. MARUTIAK, J., dissented. He would hold that the trial
court's method of computing the damages was proper, since the

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] Am Jur 2d New Topic Service, Comparative Negligence § 42.
Comparative negligence rule where misconduct of three or more
persons is involved. 8 ALR3d 722.
[2] 15A Am Jur 2d, Compromise and Settlement § 5.
[3] 22 Am Jur 2d, Damages § 13.

plaintiff, by way of the settlement, had already received an amount greater than the jury determined his case was worth. Furthermore, applying the percentage of plaintiff's negligence after subtracting the settlement amount has the effect of reducing the percentage of the plaintiff's negligence as found by the jury. In addition, the language of the comparative negligence statute clearly anticipates that the calculation of damages will be made by applying the plaintiff's negligence against the jury award before subtracting the amount of any settlement.

OPINION OF T. M. BURNS, P.J.

1. NEGLIGENCE — DAMAGES — COMPARATIVE NEGLIGENCE — SETTLEMENTS.

Damages in a negligence case involving joint tortfeasors, one of which has settled with the plaintiff prior to trial, should be calculated by first subtracting the amount of the settlement from the damage award as found by the jury and then applying the plaintiff's degree of comparative negligence, as found by the jury, to arrive at the amount of liability of the nonsettling tortfeasor.

CONCURRENCE IN RESULT BY CYNAR, J.

2. DAMAGES — SETTLEMENTS.

*The strong policy of the state favoring settlements is no reason to force an unfair settlement upon a party; the purpose of awarding damages is not to punish the defendant but to award fair compensation to the plaintiff.*

DISSENT BY P. J. MARUTIAK, J.

3. DAMAGES — COMPENSATION OF PLAINTIFF.

*The purpose of damages is to compensate a plaintiff for his injuries, not to punish a defendant.*

4. NEGLIGENCE — DAMAGES — COMPARATIVE NEGLIGENCE — SETTLEMENTS.

*Damages in a negligence case involving joint tortfeasors, one of which has settled with the plaintiff, should be calculated by first subtracting from the jury's award the percentage of the award represented by the plaintiff's comparative negligence then subtracting the amount of the settlement, the result being the liability of the nonsettling tortfeasor; applying the plaintiff's negligence after subtracting the amount of the settlement has the effect of applying to the award a lesser percentage of the plaintiff's comparative negligence than that found by the jury (MCL 600.2925d; MSA 27A.2925[4]).*

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw)*, for plaintiff.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.* (by *Joseph E. Grinnan)*, for defendant.

Before: T. M. BURNS, P.J., and CYNAR and P. J. MARUTIAK,* JJ.

T. M. BURNS, P.J. On July 16, 1982, the trial court entered a judgment for plaintiff of $0 against defendant. Plaintiff appeals as of right.

This case deals with one of the difficult unanswered questions left by *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), which adopted comparative negligence for this state. How does the trial court apportion damages after the verdict when one of the tortfeasors settled before trial? In the present case, plaintiff was injured on a construction site when he was struck in the face by a shovel. Eventually, he sued both defendant and the Barthel Contracting Company. Barthel settled for $150,000. The jury determined that plaintiff's total damages were $400,000, but that plaintiff was 75% negligent. In arriving at the money judgment against defendant, the trial court first reduced the $400,000 damage figure by 75% ($300,000). It then subtracted the $150,000 settlement. Because this figure is less than zero, it entered a figure of zero dollars against this particular defendant.

Plaintiff argues that the trial court should have instead first subtracted the $150,000 settlement figure from the $400,000 damages figure and then subtracted the 75% comparative negligence. This would leave plaintiff with a $62,500 recovery

---

* Circuit judge, sitting on the Court of Appeals by assignment.

against this defendant. Added to the $150,000 settlement figure he received from Barthel, this would leave plaintiff with a total recovery of $212,-500.

We find that the formula advanced by plaintiff should have been applied by the trial court. The Supreme Court recently expressed a policy against litigation over the relative degree of fault of third parties not represented in a suit. *Mayhew v Berrien County Road Comm,* 414 Mich 399; 326 NW2d 366 (1982). This Court has stated that the formula used by the trial court "would have required jurors to consider plaintiff's degree of fault relative to all parties involved in the incident, including non-party settling tortfeasors, contrary to the policies announced in *Mayhew*". *Gagnon v Dresser Industries Corp,* 130 Mich App 452; 344 NW2d 582 (1983). The Court in *Gagnon* found that it was proper to deduct the amount of the settlement before making the deduction for comparative negligence.

Even before *Gagnon,* this Court found that the settlement figure should be subtracted before subtracting the percentage due to comparative negligence. *Rittenhouse v Erhart,* 126 Mich App 674, 683; 337 NW2d 626 (1983). In *Rittenhouse,* this Court noted that this state has a very strong policy favoring settlements. *E.g., Empire Industries, Inc v Northern Assurance Co, Ltd,* 342 Mich 425; 70 NW2d 769 (1955); *Pratt v Castle,* 91 Mich 484; 52 NW 52 (1892); *Krevsky v Naccarato,* 56 Mich App 704; 224 NW2d 731 (1974), *lv den* 394 Mich 772 (1975). In fact, "courts will encourage settlements which avoid litigation * * *". 5 Michigan Law & Practice, Compromise and Settlement, § 1, p 367. Especially during this time when our courts are flooded with litigation, we should en-

courage settlements. We are convinced that this rule will encourage settlements. The nonsettling tortfeasor will more likely realize that he is running a risk of increasing the amount he will later pay if he does not settle. Under this rule, the nonsettling tortfeasor will not escape liability for his negligence by merely relying on the settling tortfeasor's contribution as would otherwise happen in a case such as the present one.

Our position is further supported by *DeMaris v Brown,* 27 Wash App 932, 945-946; 621 P2d 201, 208-209 (1980):

"The issue we decide is this: Where the plaintiffs settle with one concurrent tort-feasor for $10,000, their damages are determined to be $50,000, and the jury finds the decedent 85 percent negligent, should the $10,000 settlement be deducted from the plaintiff's total damages of $50,000 or should the $10,000 be offset against the $7,500 that the nonsettling defendant is otherwise legally obligated to pay, *i.e.,* the plaintiff's total damages less the percentage of negligence attributable to the decedent? We hold that the $10,000 settlement must first be deducted from the plaintiffs' total damages. The jury, without knowing of the settlement, found the total damages to equal $50,000. By reducing the $40,000 by the decedent's 85 percent contributory negligence, the comparative negligence rule is not affronted since the total percentage of contributory negligence remains the same. No one can know whether the tort-feasor's combined negligence might have been found to be 20 percent or less, in which case the State might not have owed anything, or more than 20 percent, in which case the State might have been liable for any excess over $10,000. The settling tort-feasor most likely wished to wash his hands clean of the whole affair. Involving the settling tort-feasor in this suit has been avoided. The trial court should have awarded the plaintiffs a judgment of $6,000."[1]

[1] Although both *Aceves v Regal Pale Brewing Co,* 24 Cal 3d 502; 156 Cal Rptr 41; 595 P2d 619 (1979), and *Lemos v Eichel,* 83 Cal App

Therefore, plaintiff is entitled to $62,500 from the defendant.

Judgment affirmed as modified.

CYNAR, J. *(concurring in result only).* While concurring in the result only, I am compelled to write separately. The fact that this state has a very strong policy favoring settlement is no reason to force an unfair settlement upon a plaintiff or defendant. Reasons inducing settlement are many. Parties settle when they perceive such to be in their best respective interests. The purpose of awarding damages is not to punish the defendant but to award fair compensation to the plaintiff.

P. J. MARUTIAK, J. *(dissenting).* I respectfully dissent.

Having determined that plaintiff was damaged in the amount of $400,000 and that plaintiff's own negligence accounted for 75% of this amount, it was the decision of the jury that plaintiff would be compensated by receiving $100,000. Since he had already received a greater amount from his settlement with Barthel Construction Company, he was entitled to nothing more. By subtracting the settlement amount after plaintiff's negligence percentage was factored in, the trial judge properly applied comparative negligence principles to the jury's findings of fact.

However, by holding that the settlement amount should be deducted first, the majority allows plaintiff to recover an additional $62,500, a figure which has no obvious foundation in theory.

The leading opinion advances two reasons for its method of calculating awards: 1) the policy of

3d 110; 147 Cal Rptr 603 (1978), endorsed the method used by the trial court, both cases are distinguishable. In each, the jury computed the separate percentages of negligence for each tortfeasor.

encouraging settlements, and 2) the logic employed by the Court in *DeMaris v Brown,* 27 Wash App 932; 621 P2d 201 (1980), and *Rittenhouse v Erhart,* 126 Mich App 674; 337 NW2d 626 (1983).

The assessment of artificially enhanced "compensatory" damages[1] as an inducement for defendants to settle is problematic, since parties will settle only when both plaintiff and defendant perceive such to be in their best interests.

Concern that a nonsettling tortfeasor may escape liability does not justify this result. The purpose of damages in Michigan is to compensate a plaintiff for his injuries, not to punish a defendant. In fact, the reason plaintiff should recover nothing from this defendant is that he already received, by settlement with the other tortfeasor, a greater amount than his case was worth.[2]

I do not agree with the reasoning used by the Court in *DeMaris, supra.* That Court approved deduction of the settlement first, arguing that "the comparative negligence rule is not affronted since the total percentage of contributory negligence remains the same". *DeMaris, supra,* p 945. This is simply bad math. Factoring plaintiff's negligence into a jury award only after the settlement amount has been deducted is the equivalent of applying a lesser percentage to the gross award. This is precisely the point made by the dissenting

[1] Unless the plaintiff settles for an amount equal to or greater than the total amount of the plaintiff's damages, or the plaintiff is found not to have been negligent at all, deduction of the settlement amount first will yield a larger net award.

[2] Additionally, a right of contribution may exist in the settling tortfeasor, per MCL 600.2925a(3); MSA 27A.2925(1)(3), whereas the settling tortfeasor is discharged from any liability for contribution to any other tortfeasor, MCL 600.2925(d); MSA 27A.2925(4). This is a legitimate statutory device for encouraging defendants to settle. *Bacon v Dep't of State Highways,* 115 Mich App 382; 320 NW2d 681 (1982); *West v Rollhaven Skating Arena,* 105 Mich App 100; 306 NW2d 408 (1981).

judge, who complained: "By deducting the settlement amount first, the majority reduces the plaintiff's fault percentage below that found by the jury." *DeMaris, supra,* p 946 (Dore, J., *dissenting).* See also *Lemos v Eichel,* 83 Cal App 3d 110, 118-119; 147 Cal Rptr 603, 606-607 (1978).

Alternatively, the *DeMaris* majority relied on speculation that, had the settling tortfeasor's negligence been assessed at trial, the plaintiff might have recovered something from the other tortfeasor. The concept that a plaintiff is prejudiced where the jury is not allowed to apportion negligence to a settling tortfeasor has been refuted by the Michigan Supreme Court. *Mayhew v Berrien County Road Comm,* 414 Mich 399, 412; 326 NW2d 366 (1982).[3]

I conclude that deduction of a settlement amount prior to reduction of the gross jury verdict by the percentage of a plaintiff's negligence affronts principles of comparative negligence and distorts a jury's findings of fact. Of equal importance, it is in conflict with a provision of Michigan's contribution statute, MCL 600.2925d; MSA 27A.2925(4).

In *Mayhew, supra,* the Court determined that this provision survived the judicial adoption of

---

[3] The *Mayhew* Court said this:

"Furthermore, numerous difficulties would be presented if we were to allow the jury to apportion damages among all tortfeasors, including a settling non-party. It would mean that the settling tortfeasor's liability would be assessed without anyone adequately representing that interest. It would put the plaintiff in a unique trial situation. The plaintiff would not only have to advocate that he was not at fault, he would have to convince the jury that the non-party was only minimally at fault. Otherwise, there might be too great a percentage of fault attributed to the non-party, thus reducing the plaintiff's recovery." *Mayhew, supra,* p 412.

This annihilates one of plaintiff's premises. Since he has used a "chain of reasoning" approach, his entire appellate argument falls along with it. I join with the majority opinion in this respect, as it has also rejected plaintiff's approach to this question.

comparative negligence, per *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). The Court also interpreted the meaning of the statutory language at issue, which provides in part:

"When a release or a convenant not to sue or not to enforce judgment is given in good faith to 1 of 2 or more persons liable in tort for the same injury or the same wrongful death:

\*     \*     \*

"(b) It reduces *the claim against the other tortfeasors* to the extent of any amount stipulated by the release or the covenant or to the extent of the amount of the consideration paid for it, whichever amount is the greater." MCL 600.2925d; MSA 27A.2925(4). (Emphasis supplied.)

The *Mayhew* Court ruled that under this provision "the liability of the defendant nonsettling tortfeasors is the total liability of the joint tortfeasors *minus the amount of the settlement of the settling tortfeasor." Mayhew, supra,* p 410. (Emphasis in original.) The "total liability of the joint tortfeasors" is, of course, the total amount of damages not caused by plaintiff's own negligence. In my opinion, the statute clearly anticipates that plaintiff's negligence will be factored against the gross assessment of damages before the settlement amount is to be subtracted. It is significant to note that the *Mayhew* Court provided an example of the operation of § 2925d, in which it used the method of damage computation employed by the trial court in this case. *Mayhew, supra,* p 408, fn 6 and p 411: "[T]he *verdict* rendered by the jury should only be reduced by the amount of settlement".

I would affirm.