WEEKS v FELTNER

Docket No. 48613. Submitted June 18, 1980, at Lansing.—Decided August 12, 1980. Leave to appeal applied for.

Mary Weeks sought monetary damages resulting from a sexual assault committed by defendant Albert Feltner. Plaintiff alleged that the sexual assault was proximately caused by the negligence of the defendants, individual owners of the property and East Michigan Realty and Flying Dutchman Association, agents of the owners, in failing to repair and maintain the lock on one of her windows which permitted Feltner to gain entry. The suit, brought in Washtenaw Circuit Court, after a motion for a directed verdict in favor of the defendants was denied, resulted in a verdict for the plaintiff. The jury determined damages and that the recovery should be reduced by 15 percent for plaintiff's comparative negligence. Henry T. Conlin, J., entered a judgment on the verdict. Defendant property owners and their agents appeal. *Held:*

1. A trial court must view the testimony and all legitimate inferences in a light most favorable to the nonmoving party when considering a motion for a directed verdict. Viewing the testimony of plaintiff and other proofs in a light most favorable to plaintiff, a prima facie case was established. The trial court did not err in denying defendants' motion for a directed verdict.

2. The doctrine of comparative negligence does not require an abandonment of joint and several liability among codefendants. Here, the acts of Albert Feltner were foreseeable by the other defendants, and there is nothing inherently inequitable in holding them liable for the resulting injury.

Affirmed.

1. COURTS — MOTIONS AND ORDERS — DIRECTED VERDICTS.

A trial court must view the testimony and all legitimate infer-

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 463.

[2] 57 Am Jur 2d, Negligence § 438.

[3] 57 Am Jur 2d, Negligence § 153 *et seq.*

Landlord's obligation to protect tenant against criminal activities of third persons. 43 ALR3d 331.

ences in a light most favorable to the nonmoving party when considering a motion for a directed verdict; if the evidence establishes a prima facie case, the motion by a defendant must be denied.

2. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JOINT AND SEVERAL LIABILITY.

The doctrine of comparative negligence does not require an abandonment of joint and several liability among codefendants.

3. RAPE — LANDLORD AND TENANT — FORESEEABILITY.

The acts of a rapist, committing sexual crimes, who enters an apartment through a window with a defective latch are foreseeable by the landlord of the apartment.

*Edward J. Schwartz (Mark G. Rogow,* of counsel), for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *P. J. Collins),* for defendants.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and J. H. PIERCEY,* JJ.

D. E. HOLBROOK, JR., J. In this suit, plaintiff sought monetary damages resulting from a sexual assault committed by defendant Albert Feltner. Same took place in the apartment plaintiff was occupying and she alleged that it was proximately caused by the negligence of the owners of the complex and Flying Dutchman Associates and East Michigan Realty, agents of the owners. Specifically, plaintiff claimed that defendants' failure to repair and maintain the lock on one of her windows permitted Feltner to gain entry. On October 30, 1979, a jury verdict was returned in favor of plaintiff in the amount of $200,000 to be reduced by 15 percent for her own comparative negligence. Defendants appeal as of right.

During redirect examination of plaintiff, she was

* Circuit judge, sitting on the Court of Appeals by assignment.

permitted to state, over objection, that she "believed" that the window in question was closed on the night of the assault. Defendants argued that the testimony should have been excluded, since plaintiff had not checked the window before retiring and could not be certain that it was actually closed.

MRE 701 prohibits opinion testimony by a non-expert unless it is "rationally based on the perception of the witness". Here, the record reveals sufficient foundational facts to provide a rational basis for plaintiff's belief. Plaintiff testified that: (1) the day in question was cold and that she had the heat on; (2) the window had not been opened all day, and (3) when she locked the door adjacent to the window she felt no draft. These observations provided her with ample basis to conclude that the window was closed. While she could not be absolutely certain, this fact should only affect the weight given her testimony and not its admissibility.

At the close of plaintiff's proofs, defendants moved for a directed verdict, arguing that plaintiff had failed to establish proximate causation. This contention was based on a claim that plaintiff had not shown by a preponderance of the evidence that the window was closed and that, therefore, any negligence in maintaining the lock had no relation to Feltner's entry.

In considering a motion for directed verdict, a trial court must view the testimony and all legitimate inferences in a light most favorable to the nonmoving party. If the evidence establishes a prima facie case, the motion must be denied. *Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975). Here, plaintiff presented credible testimony

that the window had been closed. Viewing this testimony and plaintiff's other proofs in a light most favorable to plaintiff, we must conclude that a prima facie case was established. The trial court did not err in denying defendants' motion.

Defendants also claim that the doctrine of comparative negligence mandates an abandonment of the concept of joint and several liability. Defendants requested, and were denied, an instruction requiring the jury to apportion damages between the various defendants. Defendants contend that comparative negligence requires that a defendant only be liable to the extent of his own wrongdoing, not only in relation to the plaintiff, but in relation to other defendants as well. See *Placek v City of Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

This argument ignores the fact that the comparative negligence doctrine also seeks to assure fair and adequate compensation for injured plaintiffs. Unlike the concept of contributory negligence, it avoids unduly penalizing a plaintiff for his own fault. While some unfairness exists when one defendant is held liable for the fault of his codefendants, this is equally true of cases where the plaintiff is not at fault. The acts of Albert Feltner were foreseeable by the other defendants, and there is nothing inherently inequitable in holding them liable for the resulting injury. The doctrine of comparative negligence does not mandate abandonment of joint and several liability. In fact, a majority of other jurisdictions considering the issue have retained joint and several liability. See, Schwartz, Comparative Negligence, Sec 16.4, p 93, (Supp 1978).

Affirmed. Costs to appellee.