## WEST v ROLLHAVEN SKATING ARENA

Docket No. 47640. Submitted October 15, 1980, at Lansing.—Decided April 8, 1981.

Ida West, in her own right and as guardian of the estate of David West, brought an action against Rollhaven Skating Arena for injuries inflicted upon David West by Michael Compton at the arena. Prior to initiating the action against Rollhaven, plaintiff entered into a settlement agreement with Compton. Rollhaven filed a third-party complaint against Compton, seeking contribution and indemnification. Compton moved for summary judgment, and Rollhaven sought leave to amend its complaint in light of the Supreme Court's recognition of the doctrine of comparative negligence. Following a hearing on the motions, Genesee Circuit Court, Robert M. Ransom, J., granted Compton's motion but denied Rollhaven's motion to amend. Rollhaven appeals, alleging that the statutory ban on contribution by a party liable in tort who settles with the injured party to another party liable for the same injury, when applied under a comparative-negligence scheme, deprives it of due process and equal protection of law. *Held:*

A covenant not to sue or not to enforce a judgment, given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor. Such ban on contributions survives constitutional due process and equal protection tests, and its effect on joint tortfeasors who do not settle remains the same under the application of the comparative negligence doctrine as under previous law. By not changing the statute, the Legislature has

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law §§ 738, 740.

[2] 18 Am Jur 2d, Contribution § 52.

Tortfeasor's general release of co-tortfeasor as affecting former's right to contribution against co-tortfeasor. 34 ALR3d 1374.

[3] 15 Am Jur 2d, Compromise and Settlement § 20.

Validity and effect of agreement with one cotortfeasor setting his maximum liability and providing for reduction or extinguishment thereof relative to recovry against nonagreeing cotortfeasor. 65 ALR 3d 602.

affirmed its policy of encouraging settlements, which should not be overturned judicially. The trial court did not err in denying Rollhaven leave to amend its pleadings.

Affirmed.

1. CONSTITUTIONAL LAW — DUE PROCESS — EQUAL PROTECTION — LEGISLATIVE ACTS.

The test to determine whether certain legislation is consistent with due process requirements is whether it bears a reasonable relation to a permissible legislative object; the equal protection test is met where a legislative classification is rationally related to a legitimate governmental interest.

2. TORTS — SETTLEMENTS — TORTFEASOR CONTRIBUTIONS — COMPARATIVE NEGLIGENCE — DUE PROCESS — EQUAL PROTECTION — CONSTITUTIONAL LAW — STATUTES.

A covenant not to sue or not to enforce a judgment, given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor, and such ban on contribution does not violate the Equal Protection or Due Process Clauses of the United States and Michigan Constitutions, the doctrine of comparative negligence notwithstanding (US Const, Am XIV, Const 1963, art 1, §§ 2, 17, MCL 600.2925[d][c]; MSA 27A.2925[4][c]).

3. TORTS — SETTLEMENTS — SETOFF — STATUTES.

A person liable in tort who does not enter into a settlement with an injured party may set off an amount which is stipulated in a settlement with others liable for the same injury or wrongful death (MCL 600.2925[d][b]; MSA 27A.2925[4][b]).

*Smith & Brooker, P.C.* (by *Patrick M. Kirby*), for third-party plaintiff.

*Peter C. Payette, P.C.,* for third-party defendant.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. Rollhaven Skating Arena appeals by right after the third-party defendant's

* Circuit judge, sitting on the Court of Appeals by assignment.

motion for summary judgment was granted on April 20, 1979.

David West allegedly was injured on March 1, 1978, after being struck in the eye by Michael Compton at Rollhaven Skating Arena. Before any action against Rollhaven was begun, Compton entered into a settlement agreement with plaintiff.

Acting individually and as guardian of the estate of David West, plaintiff, Ida West, brought suit against defendant and third-party plaintiff Rollhaven Skating Arena, alleging that the injuries resulted from the arena's failure to maintain a safe premises and failure to prevent injury to its patrons by allowing customers known to be of a violent disposition into the skating arena. The complaint was filed September 26, 1978.

Rollhaven filed a third-party complaint on November 16, 1978, in which it sought contribution or indemnification from Compton.

A motion for summary judgment was filed by Compton, alleging that Rollhaven had failed to assert a claim upon which relief could be granted. GCR 1963, 117.2(1).

Rollhaven then sought leave to amend its complaint in light of the Supreme Court's decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), in which the Supreme Court rejected the doctrine of contributory negligence and replaced it with a pure form of comparative negligence.

A hearing on these motions was held March 26, 1979. At that hearing, Compton claimed that he was entitled to summary judgment because under MCL 600.2925(d)(c); MSA 27A.2925(4)(c) Rollhaven was not entitled to contribution. Rollhaven argued that that statutory provision was no longer constitutional in light of *Placek.* The lower court held

that it remained bound by the statute so long as the Supreme Court had not indicated that the statute was no longer binding.

MCL 600.2925(d)(c); MSA 27A.2925(4)(c) provides:

"When a release or a covenant not to sue or not to enforce judgment is given in good faith to 1 of 2 or more persons liable in tort for the same injury or the same wrongful death:

\* \* \*

"(c) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor."

The statute was adopted on December 15, 1974, when Michigan was still a contributory-negligence state. In *Placek, supra,* 662, however, the Supreme Court replaced the doctrine of contributory negligence with a pure form of comparative negligence.

Rollhaven now claims that that statute, when applied under a comparative-negligence scheme, deprives it of due process and equal protection of the law.

In *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), the Supreme Court set forth the tests to apply for judging the constitutional validity of legislation faced with due process and equal protection challenges. The Court recognized that the test to determine whether legislation meets a due process challenge is whether that legislation bears a reasonable relation to a permissible legislative object. The equal protection test is essentially the same: In order to sustain a legislative classification, it must be rationally related to a legitimate governmental interest. *O'Donnell, supra,* 541, quoting *Shavers v Attorney General,* 402 Mich 554, 612-614; 267 NW2d 72 (1978).

The Court further explained:

" 'If it be said, the law is unnecessarily severe, and may sometimes do injustice, without fault in the sufferer under it, our reply is: these are considerations that may very properly be addressed to the legislature, but not to the judiciary—they go to the expediency of the law, and not to its constitutionality.'

"The responsibility for drawing lines in a society as complex as ours—of identifying priorities, weighing the relevant considerations and choosing between competing alternatives—is the Legislature's, not the judiciary's. Perfection is not required:

" '[T]he drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary.' " *O'Donnell, supra,* 542. (Footnotes omitted.)

The policy underlying the statutory ban on contributions from a settling tortfeasor is to encourage settlements. This has been recognized as a permissible legislative goal. *Steele v Wilson,* 29 Mich App 388, 395; 185 NW2d 417 (1971).

The legislation bears a reasonable relation to this proper legislative objective. It is logical to assume that joint tortfeasors will be more likely to enter into settlement negotiations with a plaintiff if they know they will not be entitled to contribution if the other tortfeasor settles and they do not. Since this state of facts reasonably supports the legislation's objective, it cannot be said to violate due process. *United States v Carolene Products Co,* 304 US 144, 154; 58 S Ct 778; 82 L Ed 1234 (1938), *Shavers, supra,* 613-614.

In order to determine whether the statute violates the constitutional guarantee of equal protection, it must be determined whether the statute that distinguishes between settling and nonsettling

tortfeasors is rationally related to the legitimate governmental interest in encouraging settlements. As discussed above, these classifications do bear such a rational relationship. The fact that the statute may discriminate against one class of people does not serve to make it unconstitutional if there is some rational basis for the discriminatory effect. As the United States Supreme Court stated in *McGowan v Maryland,* 366 US 420, 425-426; 81 S Ct 1101; 6 L Ed 2d 393 (1961):

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

Because a rational basis exists to justify the classification, it cannot be said that the statute violates the equal protection clauses of the United States or Michigan Constitutions.

This rational basis existed both before and after *Placek.* Under the prior system, joint tortfeasors who did not settle with injured parties were discriminated against because they were not entitled to contribution from settling tortfeasors. Under the present system, those nonsettling tortfeasors are still discriminated against, but the rational basis for the discrimination remains the same. By not changing the statute, the Legislature has determined that its policy of encouraging settlements is of more importance than having a policy that

would allow contribution among all joint tortfeasors in all instances. The fact that the legislation discriminates against nonsettling tortfeasors does not make it unconstitutional.

Moreover, this Court has refused to alter the rules regarding joint and several liability in the aftermath of *Placek. Weeks v Feltner,* 99 Mich App 392, 395; 297 NW2d 678 (1980). In light of the continuing validity of other rules governing joint tortfeasors, we believe that the settlement provisions should remain unaltered.

We recognize that other schemes are possible under a comparative-negligence system. We observe, however, that California, like Michigan, allows a nonsettling tortfeasor to set off the amount stipulated by the release. Compare MCL 600.2925(d)(b); MSA 27A.2925(4)(b) with *Knox v County of Los Angeles,* 109 Cal App 3d 825; 167 Cal Rptr 463 (1980), *Jaramillo v California,* 81 Cal App 3d 968; 146 Cal Rptr 823 (1978). The existence of other possible schemes merely points out that our Legislature has made a policy decision that should not be overturned judicially.

Rollhaven has not been deprived of equal protection or due process. As the arena has made no showing that it could amend its pleadings to allege a meritorious cause of action, the trial court did not err in not granting leave to amend the pleadings.

Affirmed.