## FEHER v MONTGOMERY WARD & COMPANY

Docket No. 71144. Submitted May 4, 1983, at Lansing.—Decided July 7, 1983.

Marleta Feher was injured in a boating accident. Feher brought suit in Alpena Circuit Court against Montgomery Ward and Company and others. Prior to the trial, the other defendants were dismissed from the action. The court, Joseph P. Swallow, J., entered judgment for the defendant on a jury verdict of no cause of action. The plaintiff appealed. The Court of Appeals, in an unpublished opinion, Docket No. 48287, decided June 18, 1981, reversed the trial court. The Supreme Court granted the defendant's application for leave to appeal, reversed the decision of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration, 417 Mich 975 (1983). The plaintiff alleged that the trial court erred in (1) giving a certain standard jury instruction, (2) allowing the jury to consider plaintiff's negligence in her action against defendant based on a breach of implied warranty, and (3) instructing the jury regarding its consideration of the negligence of the driver of the motorboat. Now *held:*

1. The trial court did not err in giving the standard jury instruction to the jury.

2. The trial court did not err in allowing the jury to consider plaintiff's negligence in her action based on a breach of implied warranty. The doctrine of comparative negligence is applicable in products liability actions based on implied warranty.

3. The trial court did not err in allowing the jury to consider the negligence of the driver of the boat.

Affirmed.

1. Negligence — Comparative Negligence — Products Liability — Implied Warranty.

The doctrine of comparative negligence is applicable in products liability actions based on implied warranty.

References for Points in Headnotes

[1] Am Jur 2d New Topic Service, Comparative Negligence § 47.

[2] 74 Am Jur 2d, Torts § 61 *et seq.*

Manufacturer and dealer or distributor as joint or concurrent tortfeasors. 97 ALR2d 811.

2. TORTS — JOINT TORTFEASORS — COMPARATIVE NEGLIGENCE.

    The Revised Judicature Act provides for the allocation of liability according to the relative degree of fault of joint tortfeasors in determining the pro rata shares of tortfeasors in an entire liability (MCL 600.2925d; MSA 27A.2925[4]).

*Wisti & Jaaskelainen* (by *Michael E. Makinen),* for plaintiff.

*Carpenter, Fenner, Barney & Hofmann* (by *Stewart D. Fenner, Jr.),* and *Cholette, Perkins & Buchanan* (by *Edward D. Wells),* of counsel, for defendant.

Before: R. B. BURNS, P.J., and R. M. MAHER and J. H. GILLIS, JJ.

PER CURIAM. Plaintiff appeals from a jury verdict of no cause of action for the defendant. Plaintiff appeals and we affirm.

This cause was remanded by the Supreme Court by order, 417 Mich 975 (1983).

Plaintiff filed an action against Montgomery Ward, Chrysler Corporation, Robert Benson and William Benson, Sr. Prior to the trial, all defendants except Montgomery Ward were dismissed from the action.

This action arose out of an accident in which plaintiff received injuries to her leg. She testified that on the afternoon of the accident, at approximately 2 p.m., she went into town and stopped at a bar and had a couple of drinks while waiting for her friend to get off from work. She met her friend, whereupon they started driving plaintiff's motorcycle to Long Lake Park at approximately 4:15 p.m. They arrived at the park at approximately 5 p.m. After arriving at the park, Feher parked the motorcycle and walked onto a dock. Robert Benson had just pulled a motorboat with a

waterskier up to the dock and Tom Benware was getting ready to jump into the water to go water-skiing. Plaintiff testified that she tapped Benware and he fell into the water. She then testified that the next thing that she remembered was being pushed into the water by Robert Benson. While in the water, she walked down and around the end of the boat and tried to pull Benson into the water from the boat, but she could not do so. Her hands slipped and Benson fell. She testified that she did not know if Benson hit the throttle accidently or deliberately, but that the boat took off and she fell underneath the boat. When she came up, she saw her injured leg and started screaming. She pushed herself onto the shore, whereupon Russell Bates grabbed her, helped her into his car, and took her to the hospital. She testified that she had 10 operations in 26 days. Further, she has not been able to work since the accident occurred. In addition, she must wear a leg brace at all times.

On appeal, plaintiff claims three errors.

Plaintiff claims that the trial court improperly gave SJI 25.21. Careful reading of the record indicates no reversible error committed by the trial court in giving SJI 25.21 to the jury.

Next, the plaintiff claims that the trial court committed reversible error in allowing the jury to consider plaintiff's negligence in her action against defendant based on a breach of implied warranty in failing to install safety devices.

In *In re Certified Questions,* 416 Mich 558; 331 NW2d 456 (1982), the Supreme Court held that the doctrine of comparative negligence was applicable in products liability actions and applied to actions based on an implied warranty. No error occurred here.

Plaintiff also claims that the trial court commit-

ted error requiring reversal in allowing the jury to consider the negligence of Robert Benson.

In *Mayhew v Berrien County Road Comm,* 414 Mich 399; 326 NW2d 366 (1982), the Supreme Court held that MCL 600.2925d; MSA 27A.2925(4) provided for comparative fault. Therefore the trial court did not err in allowing the jury to consider the negligence of Robert Benson.

Affirmed. Costs to defendant.