CONKLIN v SHIAWASSEE COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 54686. Submitted June 3, 1982, at Lansing.—Decided July
19, 1983.

Clare L. Conklin, a guest passenger in an automobile driven by
Daniel J. Beckman, was killed when the automobile was in-
volved in an accident. Marilyn K. Conklin, administratrix of
the estate of Clare L. Conklin, deceased, filed suit against
Beckman and the Shiawassee County Board of Road Commis-
sioners in Shiawassee Circuit Court. Plaintiff included the
board in the suit because Beckman's car hit a row of dirt and
debris negligently left in the roadway for several weeks by the
road commission. After hitting the dirt and debris, Beckman's
car went out of control and turned over, killing Clare Conklin.
Plaintiff and Beckman entered into an agreement whereby
plaintiff would agree not to sue Beckman if Beckman would
pay $20,000 to the Conklin estate. As a result of the agreement,
Beckman was dismissed from the case. The board had moved
that Beckman be continued in the case for factual determina-
tion and apportionment of fault and liability by the jury as
between itself and Beckman. The motion was denied, Harry P.
Newblatt, J. The board then moved to add Beckman as a third-
party defendant for purposes of contribution. That motion was
also denied. Finally, the board moved that the jury be advised
of the settlement between Beckman and the estate. That mo-
tion was denied. Following a trial, the jury returned a verdict
in favor of plaintiff in the amount of $320,000. The trial court

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5, 7, 9] 18 Am Jur 2d, Contribution §§ 52, 55.
   Contribution or indemnity between joint tortfeasors on basis of
      relative fault. 53 ALR3d 184.
[2, 4] 18 Am Jur 2d, Contribution § 54.
[3] 15A Am Jur 2d, Compromise and Settlement § 48.
   29 Am Jur 2d, Evidence § 629.
[5] 18 Am Jur 2d, Contribution § 43.
[6] 18 Am Jur 2d, Contribution §§ 42, 52.
   73 Am Jur 2d, Statutes § 183.
[8] 59 Am Jur 2d, Parties § 190.

deducted from that amount the $20,000 the estate received from Beckman and entered judgment for plaintiff in the amount of $300,000. The board moved for a new trial but the motion was denied. The board appealed. *Held:*

1. The trial court did not err in refusing to disclose to the jury the amount of the settlement between plaintiff and Beckman.

2. The release given by plaintiff to Beckman under the then prevailing statute did not defeat the board's right to seek contribution against Beckman. The trial court erred in refusing to allow the board to implead Beckman. However, the statutes in effect at the time of trial did not permit contribution to be determined in proportion to the relative fault of each tortfeasor. The case is remanded for trial between defendant and Beckman on the issue of whether they are joint tortfeasors. If so, defendant shall be entitled to recover contribution from Beckman on a pro-rata basis if it is established that defendant has paid plaintiff more than its pro-rata share.

Affirmed in part, reversed in part and remanded.

J. P. SWALLOW, J., dissented in part and concurred in part. He would hold that comparative fault is the correct measure to be used in fixing pro-rata contribution between tortfeasors guilty of concurrent negligence. He would further hold that the trial court abused its discretion by denying defendants' motion to implead Beckman but that reversal is not required on this ground because defendant can still proceed with its claim for contribution against Beckman. He would vacate the trial court's order denying defendant's motion to file a third-party complaint against Beckman and remand for a postjudgment trial on the issue of contribution. Judge Swallow is of the opinion that the majority's holding that comparative negligence does not apply to the action for contribution although it does apply to the underlying action violates the Equal Protection Clauses of both the Michigan and the United States Constitutions.

## OPINION OF THE COURT

1. NEGLIGENCE — JOINT TORTFEASORS — CONTRIBUTION — SETTLEMENTS.

The intent of the Legislature in providing for the allocation of liability according to the relative degree of fault of joint tortfeasors must be considered along with the judicial goal of encouraging settlements; recognition of both is best achieved by the reduction of a claim by the amount of settlement rather than

by the proportionate amount of liability of the settling tortfeasor (MCL 600.2925b, 600.2925d; MSA 27A.2925[2], 27A.2925[4]).

2. DAMAGES — NEGLIGENCE — JOINT TORTFEASORS — COMPARATIVE NEGLIGENCE — CONTRIBUTION.

Adoption of a theory of "relative fault" which would allow apportionment of liability among joint tortfeasors was precluded by the former statutory provision that joint tortfeasors were liable for their pro-rata share of a damage award and a joint tortfeasor who paid more than his pro-rata share could maintain an action for contribution from the others for the excess paid (former MCL 600.2925[1]; MSA 27A.2925[1], repealed by 1974 PA 318).

PARTIAL DISSENT BY J. P. SWALLOW, J.

3. DAMAGES — EVIDENCE — SETTLEMENTS — JURY.

Juries shall not be informed of the existence of a settlement between parties or the amount paid where there is no genuine dispute regarding either the existence of a release or a settlement between the plaintiff and a codefendant or the amount to be deducted from the jury verdict unless the parties stipulate otherwise.

4. TORTS — DAMAGES — JOINT TORTFEASORS — SETTLEMENTS.

The proper formula to be applied by a trial court in determining liability of a nonsettling defendant tortfeasor is the total liability of the joint tortfeasors minus the amount of the settlement of the settling tortfeasor.

5. TORTS — JOINT TORTFEASORS — SETTLEMENTS — CONTRIBUTION — COURT RULES.

A settlement and covenant not to sue between a plaintiff and one joint tortfeasor in relation to a cause of action accruing prior to January 1, 1975, would not bar a nonsettling defendant joint tortfeasor from maintaining a contribution action against the settling joint tortfeasor concurrently with the principal action (MCL 600.2925; MSA 27A.2925, amended by 1974 PA 318; GCR 1963, 204.1).

6. WORDS AND PHRASES — "PRO RATA".

Pro rata means a proportionate division according to a measure which fixes proportions and has no meaning unless referable to some rule or standard; when used in a statute, pro rata must be construed in its broadest sense based on equitable considerations.

7. TORTS — JOINT TORTFEASORS — CONTRIBUTION — COMPARATIVE
   NEGLIGENCE.

   *Comparative fault is the measure that should be used in fixing pro-rata contribution between tortfeasors guilty of concurrent negligence.*

8. MOTIONS — THIRD-PARTY COMPLAINTS.

   *The decision to allow the filing of a third-party complaint is discretionary with the trial judge; when acting upon such a motion the judge should consider the probability of delay, the complications of trial, the timeliness of the motion, the similarity of the evidence, the possibility of prejudice to the plaintiff and the possibility of prejudice to the third-party defendant.*

9. NEGLIGENCE — COMPARATIVE NEGLIGENCE — CONTRIBUTION —
   CONSTITUTIONAL LAW — EQUAL PROTECTION.

   *The doctrine of comparative negligence, which has as its express purpose the prevention of substantial injustice, has been established in Michigan and should apply to an action for contribution between joint tortfeasors where it applies to the underlying negligence action and both actions arose out of the same negligent occurrence and both have a basis in common law; application of the doctrine of comparative negligence to the underlying negligence action but not to the contribution action between the joint tortfeasors violates the equal protection clauses of both the United States and the Michigan Constitutions (US Const, Am XIV; Const 1963, art 1, § 2).*

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner* and *Paul L. LaClair*), for plaintiff.

*Des Jardins, Des Jardins & Moorhead* (by *Jerry L. Des Jardins*), for defendant.

Before: DANHOF, C.J., and BEASLEY and J. P. SWALLOW,* JJ.

DANHOF, C.J. We agree with Judge SWALLOW's disposition of the claims against plaintiff and its ruling that defendant's right to contribution against Beckman was governed by former MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

600.2925; MSA 27A.2925, and that pursuant thereto the release given by plaintiff to Beckman did not defeat defendant's right to seek contribution against Beckman.[1] We also agree that the trial court erred by refusing to permit defendant to implead Beckman. Therefore, we order the case remanded for trial between defendant and Beckman on the issue of whether defendant and Beckman are joint tortfeasors. However, we cannot agree with Judge SWALLOW's conclusion that the Supreme Court's decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), permits an action for contribution with recovery to be based on the proportionate fault of each tortfeasor. The Supreme Court recently rejected a similar claim as it applied to the successor provisions of the contribution statute referred to above. MCL 600.2925a *et seq.;* MSA 27A.2925(1) *et seq. Mayhew v Berrien County Rd Comm,* 414 Mich 399; 236 NW2d 366 (1982). This Court has previously held that former MCL 600.2925; MSA 27A.2925 did not permit contribution to be determined in proportion to the relative fault of each tortfeasor. *Sexton v American Aggregates,* 60 Mich App 524, 537; 231 NW2d 449 (1975). Those decisions control our disposition of this case.

The case is remanded for trial between defendant and Beckman on the issue of whether they are joint tortfeasors. If so, defendant shall be entitled to recover contribution from Beckman on a pro-rata basis if it is established that defendant has paid plaintiff more than its pro-rata share. Defendant's recovery shall not be based on the proportionate fault of each tortfeasor.

Affirmed in part and reversed in part. Remanded for further proceedings in accordance with

---

[1] See Judge SWALLOW's opinion for statement of facts.

this opinion. No costs, neither party having prevailed in full.

BEASLEY, J., concurred.

J. P. SWALLOW, J. *(dissenting in part and concurring in part).* On September 22, 1974, Clare Laverne Conklin was a guest passenger in the automobile of Beckman. The automobile was involved in an accident and Conklin died as a result of injuries sustained in the accident. Marilyn K. Conklin, administratrix of the estate of Clare Conklin initially sued Beckman, the driver of the automobile, and the Shiawassee County Board of Road Commissioners, claiming that their concurrent negligence caused the death of Clare Conklin.

On the first day of trial, prior to the selection of the jury, plaintiff and then defendant Beckman entered into a covenant not to sue. Under the terms of that agreement Beckman agreed to pay the estate $20,000 in return for the estate's promise not to sue him. Prior to defendant Beckman's dismissal from the case, defendant board moved that Beckman be continued in the case for factual determination and apportionment of fault and liability by the jury as between itself and Beckman. The motion was denied. Defendant board then moved to add Beckman as a third-party defendant for the purpose of contribution, which motion was also denied. Defendant board further moved that the jury be advised of the $20,000 settlement between Beckman and the estate, which motion was also denied.

The matter continued to trial with the jury returning a verdict in favor of the estate in the amount of $320,000. The trial judge deducted the $20,000 settlement from the jury verdict and en-

tered judgment for plaintiff in the amount of $300,000.

The board appeals as of right, alleging the existence of several errors. The board first claims that the trial court erred in refusing its request to disclose the amount of settlement between plaintiff and Beckman. The trial judge's ruling is in accord with *Brewer v Payless Stations, Inc,* 412 Mich 673; 316 NW2d 702 (1982), wherein the Supreme Court reconciled conflicting decisions by panels of this Court. Compare *Croda v Sarnacki,* 106 Mich App 51; 307 NW2d 728 (1981), with *Kueppers v Chrysler Corp,* 108 Mich App 192; 310 NW2d 327 (1981).

Next, defendant claims that the Supreme Court's holding in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), requires plaintiff's total damage recovery to be reduced by Beckman's proportionate share of fault rather than the value of the settlement and that the trial judge erred by not submitting the issue of comparative fault to the jury. Our Supreme Court in *Mayhew v Berrien County Rd Comm,* 414 Mich 399; 326 NW2d 366 (1982), has held on both statutory and common-law grounds that the proper formula to be applied by a trial judge in determining liability of a nonsettling defendant tortfeasor is the total liability of the joint tortfeasors minus the amount of the settlement of the settling tortfeasor.

"Furthermore, the legislative intention expressed in MCL 600.2925d; MSA 27A.2925(4) is in line with this Court's policy to encourage settlements. While allocation of liability by the tortfeasors' relative degree of fault is an important goal, it must be considered with the important goal of encouraging settlements. Recognition of both goals is best achieved by reducing the claim against the other tortfeasor by the amount of settlement, as provided by § 2925d." *Mayhew,* p 410.

Defendant further claims that the trial judge erred in not allowing maintenance of a contribution action against Beckman, in which comparative fault would be the basis of pro-rata contribution. I read *Mayhew* as relying solely upon statutory grounds in barring an action for contribution between settling and nonsettling tortfeasors, and for that reason alone, *Mayhew* is not controlling herein. The cause of action in this case accrued on September 22, 1974, and is thus governed by 1961 PA 236; MCL 600.2925 *et seq.;* MSA 27A.2925 *et seq.* The Legislature expressly provided that the present statute, as amended, would be effective only as to torts occurring subsequent to January 1, 1975. Therefore, it is unnecessary for us to consider what effect, if any, 1974 PA 318 or 1982 PA 147 would have on the present action. The governing statute so far as material reads as follows:

"Sec. 2925. (1) Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment.

"(2) It shall be lawful for all persons having a claim or cause of action against 2 or more joint tort-feasors to compound, settle with, and discharge, at any time prior to rendition of a judgment in said action, any and every one or more of said joint tort-feasors for such sum as such person may deem fit, without impairing the right of such person or persons to demand and collect the

balance of said claim or cause of action from the
remaining joint tort-feasors, against whom such person,
or persons, has such claim or cause of action, and not so
released." MCL 600.2425, subds (1), (2); MSA 27A.2925,
subds (1), (2), repealed by 1974 PA 318.

I would hold that the governing statute estab-
lished no bar which prohibits defendant from
maintaining a contribution action against Beck-
man. Further, I would hold that the governing
court rule, GCR 1963, 204.1, permits maintenance
of a contribution action concurrent with the prin-
cipal action.

We must now deal with the statutory directive
that recovery in a contribution action be limited to
only that amount which a defendant has paid
beyond his own pro-rata share.

Pro rata means a proportionate division accord-
ing to a measure which fixes proportions and has
no meaning unless referable to some rule or stan-
dard. 34A Words and Phrases, Pro Rata, pp 470-
472. When used in a statute, pro rata must be
construed not in its technical sense but in its
broadest sense based on equitable considerations.
*Security Mutual Casualty Co v Grice,* 172 So 2d
834 (Fla App, 1965). The governing statute con-
tains no rules or standard by which a pro-rata
share of a judgment should be proportioned among
joint tortfeasors. Absent statutory direction, divi-
sion, pre-*Placek,* at comon law has been judicially
made by allowing equal proportions among joint
tortfeasors. *Sexton v American Aggregates,* 60
Mich App 524, 547; 231 NW2d 449 (1975).

The inequitable effect of such common-law divi-
sion where a significant difference exists between
the comparative fault of joint tortfeasors is obvi-
ous. The *Placek* Court made it abundantly clear
that they were discarding the established common-

law rule in favor of a more equitable system of comparative negligence for all litigants. The Court, in effect, stated that the doctrine of "pure" comparative negligence was adopted to replace the doctrine of contributory negligence for *all litigants. Placek, supra,* p 650.

Considerations favoring application of comparative negligence to actions for contribution are not only common with those expressed in *Placek,* but are also equally compelling. Since the governing statute, *supra,* contains no prohibition against comparison of relative degrees of fault it is unnecessary to address that issue. Therefore, I would hold that *Placek* has established comparative fault as the measure to be used in fixing pro-rata contribution between tortfeasors guilty of concurrent negligence.

Plaintiff further claims that the trial judge was correct in denying defendant's motion to file a third-party complaint because of its untimeliness. The decision to allow such filing under GCR 1963, 204.1 is discretionary with the trial judge, and when acting upon such motion he should consider:

"a. the probability of delay,
"b. the complications of trial,
"c. the timeliness of the motion,
"d. the similarity of the evidence,
"e. the possibility of prejudice to the plaintiff, and
"f. the possibility of prejudice to the third-party defendant." *Caldwell v Fox,* 394 Mich 401, 414-415; 231 NW2d 46 (1975).

Timeliness is but one of the factors to be considered and, although the timeliness of the third-party complaint weighs against defendant, the other factors favor granting of the motion and resolving all questions in one proceeding. It is thus my opinion that the trial judge abused his discretion by denying defendant's motion.

Such ruling, however, does not require reversal as defendant still remains liable to plaintiff for the entire amount of the judgment and defendant may still proceed with its claim for contribution against Beckman.

Defendant's remaining claims of error all cite abuse of discretion by the trial judge. I find no such abuse.

The trial court's order denying defendant's motion to file a third-party complaint against Beckman should be vacated.

This matter should be remanded for a postjudgment trial on the issue of contribution.

I write further to respectfully point out that the majority holding that comparative negligence does not apply to the underlying action for contribution is, in my opinion, violative of the Equal Protection Clauses of both our state and federal constitutions. Const 1963, art 1, § 2; US Const, Am XIV.

The clear mandate of *Placek v Sterling Heights, supra,* is that the doctrine of comparative negligence is established in this state and that the express purpose for establishing the doctrine is to prevent substantial injustice.

Thus, as in this case, when both actions arise out of a common occurrence, when both actions have a basis in the common law, and particularly when the express purpose for establishing the doctrine of comparative negligence is to avoid substantial injustice, I can find no sufficient distinction to justify the application of the doctrine in one action and not in the other. I would thus view the holding of the majority in not applying the doctrine of comparative negligence to the underlying action of contribution as being violative of equal protection. See *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972), and *Price v Amdal,* 256 NW2d 461 (Minn, 1977).